IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION, AT JEFFERSON CITY

| | | |
|---|---|---|
| TRACI HOWELL and<br>ROBERT HOWELL, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. 17-4029 |
| FORD MOTOR COMPANY<br>Serve Registered Agent:<br>   The Corporation Company<br>   120 South Central Avenue<br>   Clayton, MO 63105 | )<br>)<br>)<br>)<br>)<br>) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## PLAINTIFFS' COMPLAINT

COME NOW Plaintiffs Traci Howell and Robert Howell, by and through the undersigned counsel, and for their Complaint and causes of action against Defendant Ford Motor Company, state and allege as follows:

1. Plaintiff Traci Howell is a citizen and resident of the State of Missouri.

2. Plaintiff Robert Howell is a citizen and resident of the State of Missouri.

3. Defendant Ford Motor Company (hereinafter "Ford") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Dearborn Michigan.

4. Defendant Ford is registered to do business in the State of Missouri, maintains a registered agent in the State of Missouri, and may be served with process through its registered agent at the above-listed Missouri address.

1

5. Pursuant to 28 U.S.C. § 1332, this Court has subject-matter jurisdiction over this civil action, as the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties.

6. Defendant Ford is and was in the business of, *inter alia*, designing, engineering, manufacturing, distributing and selling vehicles under various brand names, including Ford, Lincoln and Mercury.

7. Defendant Ford is subject to the general jurisdiction of this Court, in that it is a corporation conducting substantial business within the State of Missouri by maintaining continuous and systematic contacts with the State of Missouri, including but not limited to:

   a. Ford maintains at least one place of business in Missouri, the Kansas City Assembly Plant located in Claycomo, Missouri;

   b. The Kansas City Assembly Plant is located on an approximately 1,269 acre site in Clay County, Missouri, and the plant encompasses approximately 4,717,565 square feet;

   c. The Kansas City Assembly Plant employs approximately 7,465 workers;

   d. The Kansas City Assembly Plant currently produces the Ford F-150 and Ford Transit, and previously produced the Ford Fairlane, Mercury Meteor, Ford Falcon, Mercury Comet, Ford Maverick, Ford Fairmont, Mercury Zephyr, Ford Tempo, Mercury Topaz, Ford Contour, Mercury Mystique, Ford Escape, Mazda Tribute, Mercury Mariner and Lincoln Blackwood;

   e. Ford has produced over one million vehicles at the Kansas City Assembly Plant, which has been in operation for more than half a century;

f. Ford transports new Ford and Lincoln vehicles on Missouri highways and railways for distribution throughout the State of Missouri and the United States; and/or

g. Ford transports used Ford, Lincoln and Mercury vehicles on Missouri highways and railways for distribution throughout the State of Missouri and the United States.

8. Defendant Ford's business contacts with the State of Missouri are so continuous and systematic as to render it essentially at home in Missouri, and as such, this Court may exercise general jurisdiction over Defendant Ford.

9. Defendant Ford is subject to the specific jurisdiction of this Court, in that:

a. Ford distributed and sold the subject vehicle, a 2004 Mercury Mountaineer, VIN 4M2ZU86W34ZJ38939, to a dealership in Missouri for sale to the ultimate consumer;

b. The subject vehicle was originally sold and its title registered in the State of Missouri;

c. At the time of such sale and distribution by Ford, the subject vehicle was then in a defective and unreasonably dangerous condition, as set forth more fully below; and/or

d. At the time of the subject motor vehicle accident; the subject vehicle was licensed in the State of Missouri and owned/operated by a Missouri resident.

10. Defendant Ford, through the acts of its employees or agents, has submitted itself to the jurisdiction of this Court pursuant to the State of Missouri's long-arm statute, R.S.Mo. §

3

506.500, in that it transacted business in this state, made a contract in this state, and/or committed a tortious act in this state.

11. Defendant Ford has purposely availed itself of the privilege of conducting business in the State of Missouri, and has thereby consented to the jurisdiction of this Court. Defendant Ford's conduct and connection with the State of Missouri are such that it could reasonably anticipate being haled into a court in the State of Missouri.

12. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.2(a)(2), in that a substantial part of the events giving rise to this claim occurred within this judicial district, in that the motor vehicle accident that is the subject of this action occurred in Benton County, Missouri, a county within the Central Division of this District.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

13. Plaintiffs adopt and incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

14. On or about July 1, 2016, at approximately 4:30 a.m., Plaintiff Traci Howell was operating a 2004 Mercury Mountaineer, VIN 4M2ZU86W34ZJ38939 (hereinafter "Mercury Mountaineer"), driving southbound on Old 65 Avenue in Benton County, Missouri, approaching North Lincoln Road.

15. The Mercury Mountaineer traveled through the intersection and off the roadway, at which time it overturned one time before coming to rest on its wheels, facing east.

16. During the rollover, the roof over the driver's occupant compartment area crushed substantially inward toward and striking Plaintiff Traci Howell, causing her to sustain a severe spinal cord injury, rendering her a quadriplegic.

# COUNT I – STRICT LIABILITY

17. Plaintiffs adopt and incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

18. At all times relevant hereto, Defendant Ford was actively engaged in the business of designing, manufacturing, marketing, warranting, distributing and selling Mercury Mountaineer vehicles.

19. Prior to the subject accident, Defendant Ford designed, manufactured, assembled, inspected, tested, distributed, placed into the stream of commerce and sold the Mercury Mountaineer in the normal course of its business for use by the general public.

20. At the time the Mercury Mountaineer left the control of Defendant Ford, the Mercury Mountaineer was defective and unreasonably dangerous when put to reasonably anticipated use.

21. The Mercury Mountaineer was defective and unreasonably dangerous due to its lack of reasonable and necessary occupant protection, *including, but not limited to*, the following:

   a. The Mercury Mountaineer was not crashworthy in rollover accidents;

   b. The Mercury Mountaineer had inadequate and unsafe roof crush resistance in rollover accidents;

   c. The roof system (A-Pillar, B- Pillar, header and roof rail), and their associated component parts, failed to properly protect Plaintiff Traci Howell in a reasonably foreseeable crash;

   d. The roof system (A-Pillar, B- Pillar, header and roof rail), and their associated component parts, lacked adequate design to assure proper performance in a reasonably foreseeable crash;

5

Case 2:17-cv-04029-MJW   Document 1   Filed 02/17/17   Page 5 of 12

e. The design and manufacture of the roof system (A-Pillar, B- Pillar, header and roof rail, and their associated component, failed to provide sufficient strength in the roof, allowing a loss of physical integrity in a reasonably foreseeable crash;

f. The design and manufacture of the roof system (A-Pillar, B- Pillar, header and roof rail, and their associated component, failed to incorporate designs and/or devices (e.g., safety cage, roof reinforcement, pillar reinforcement) to prevent a loss of physical integrity in a reasonably foreseeable crash.

g. The roof system (A-Pillar, B- Pillar, header and roof rail), and their associated component parts, lacked adequate testing and/or inspection before it was distributed and sold so as to ensure they were reasonably suitable for their intended purpose and provided adequate occupant protection in a reasonably foreseeable crash; and/or

h. The vehicle lacked adequate warnings and/or other proper notice to alert users regarding the hazardous condition of the roof system (A-Pillar, B- Pillar, header and roof rail), and their associated component parts, or the risk of injury from such hazardous condition.

22. The Mercury Mountaineer was expected to and did reach the hands of the consumer, including Plaintiff Traci Howell, without substantial change or modification, and was in substantially the same condition on the day of the subject motor vehicle accident as it was when it left the possession and control of Defendant Ford.

23. The Mercury Mountaineer was used by Plaintiff Traci Howell in a reasonably anticipated manner.

24. Defendant Ford knew or should have known that the Mercury Mountaineer would be used without inspection for defect and represented that the Mercury Mountaineer could be safely used for the ordinary purposes for which it was intended.

25. As a direct and proximate result of the defective and unreasonably dangerous condition of the Mercury Mountaineer, Plaintiff Traci Howell was struck by the severe roof deformation incurred in the subject motor vehicle accident, resulting in a severe spinal cord injury and quadriplegia.

26. As a direct and proximate result of the defective and unreasonably dangerous condition of the Mercury Mountaineer, Plaintiff Traci Howell has suffered the following damages: past and future medical and rehabilitation expenses; past and future loss of income or earning capacity; conscious pain, suffering and psychological anguish; loss of enjoyment of life; and impairment of general health, strength and vitality.

27. The above conduct of Defendant Ford, *including, but not limited to*, intentionally and recklessly placing a defective and unreasonably dangerous Mercury Mountaineer into the stream of commerce; intentionally designing a roof structure for the Mercury Mountaineer that provided inadequate protection during a foreseeable rollover event; failing and/or refusing to adequately test the Mercury Mountaineer's roof strength; refusing to implement necessary engineering design standards to provide protection during a foreseeable rollover event; and, failing and/or refusing to warn customers and the general public of the dangerous and defective roof structure on the Mercury Mountaineer showed complete indifference to or conscious disregard for the safety of others, including Plaintiffs, justifying the imposition of punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Traci Howell prays that this Court enter judgment against

Defendant for a reasonable sum of damages as will fairly and justly compensate Plaintiff, for punitive damages in such sum as will serve to punish Defendant and deter Defendant and others from engaging in like conduct, for her costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

## COUNT II – NEGLIGENCE

28. Plaintiffs adopt and incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

29. At all times relevant hereto, Defendant Ford was actively engaged in the business of designing, manufacturing, marketing, warranting, distributing and selling Mercury Mountaineer vehicles.

30. As a motor vehicle designer, manufacturer, distributer and seller, Defendant Ford knew that users of their vehicles could be involved in motor vehicle collisions, and the extent of their injuries would frequently be determined by the design and construction of their vehicles, including the Mercury Mountaineer in this case.

31. Defendant Ford had a duty to exercise reasonable care in the design, testing, manufacture and sale of the Mercury Mountaineer.

32. Defendant Ford breached its duty to exercise reasonable care in the design, testing, manufacture and sale of the Mercury Mountaineer in multiple respects, *including, but not limited to*:

    a. The Mercury Mountaineer was not crashworthy in rollover accidents;

8

b. The Mercury Mountaineer had inadequate and unsafe roof crush resistance in rollover accidents;

c. The roof system (A-Pillar, B- Pillar, header and roof rail), and their associated component, parts failed to properly protect Plaintiff Traci Howell in a reasonably foreseeable crash;

d. The roof system (A-Pillar, B- Pillar, header and roof rail), and their associated component parts, lacked adequate design to assure proper performance in a reasonably foreseeable crash;

e. The design and manufacture of the roof system (A-Pillar, B- Pillar, header and roof rail, and their associated component, failed to provide sufficient strength in the roof, allowing a loss of physical integrity in a reasonably foreseeable crash;

f. The design and manufacture of the roof system (A-Pillar, B- Pillar, header and roof rail, and their associated component, failed to incorporate designs and/or devices (e.g., safety cage, roof reinforcement, pillar reinforcement) to prevent a loss of physical integrity in a reasonably foreseeable crash.

g. The roof system (A-Pillar, B- Pillar, header and roof rail), and their associated component parts, lacked adequate testing and/or inspection before it was distributed and sold so as to ensure they were reasonably suitable for their intended purpose and provided adequate occupant protection in a reasonably foreseeable crash;

h. The vehicle lacked adequate warnings and/or other proper notice to alert users regarding the hazardous condition of the roof system (A-Pillar, B- Pillar, header

and roof rail), and their associated component parts, or the risk of injury from such hazardous condition;

i. Ford failed to make use of feasible alternative design features available for the protection of drivers and passengers;

j. Ford knowingly sold and continued to sell Mercury Mountaineer vehicles to the public when the testing it performed demonstrated that the Mercury Mountaineer was defectively designed and unreasonably dangerous; and/or

k. In other respects, unknown to Plaintiff at this time, but which may become known prior to trial.

33. As a direct and proximate result of the negligent acts and/or omissions of Defendant Ford, Plaintiff Traci Howell was struck by the severe roof deformation incurred in the subject motor vehicle accident, resulting in a severe spinal cord injury and quadriplegia.

34. As a direct and proximate result of the negligent acts and/or omissions of Defendant Ford, Plaintiff Traci Howell has suffered the following damages: past and future medical and rehabilitation expenses; past and future loss of income or earning capacity; conscious pain, suffering and psychological anguish; loss of enjoyment of life; and impairment of general health, strength and vitality.

35. The above conduct of Defendant Ford, *including, but not limited to*, intentionally and recklessly placing a defective and unreasonably dangerous Mercury Mountaineer into the stream of commerce; intentionally designing a roof structure for the Mercury Mountaineer that provided inadequate protection during a foreseeable rollover event; failing and/or refusing to adequately test the Mercury Mountaineer's roof strength; refusing to implement necessary engineering design standards to provide protection during a foreseeable rollover event; and, failing

and/or refusing to warn customers and the general public of the dangerous and defective roof structure on the Mercury Mountaineer showed complete indifference to or conscious disregard for the safety of others, including Plaintiffs, justifying the imposition of punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Traci Howell prays that this Court enter judgment against Defendant for a reasonable sum of damages as will fairly and justly compensate Plaintiff, for punitive damages in such sum as will serve to punish Defendant and deter Defendant and others from engaging in like conduct, for her costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

## **COUNT III - LOSS OF CONSORTIUM**

36. Plaintiffs adopt and incorporate by reference, as if fully set forth herein, the preceding paragraphs of this Complaint.

37. Plaintiff Traci Howell and Plaintiff Robert Howell are and were, at all relevant times, a married couple under the law of the State of Missouri.

38. As a direct and proximate result of the aforementioned injuries sustained by Plaintiff Traci Howell, Plaintiff Robert Howell has suffered the loss and impingement of his wife's services, society, companionship and marriage relationship.

WHEREFORE, Plaintiff Robert Howell prays that this Court enter judgment against Defendant for a reasonable sum of damages as will fairly and justly compensate Plaintiff, for his costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all allegations, claims and causes of action asserted herein.

Respectfully submitted,

**LANGDON & EMISON**

/s/ Robert Langdon

_____
Robert Langdon, MO# 23233
David A. Brose, MO# 56244
Michael Serra, MO# 63237
911 Main Street
P. O. Box 220
Lexington, Missouri 64067
Telephone: (660) 259-6175
Facsimile: (660) 259-4571
bob@lelaw.com
david@lelaw.com
mserra@lelaw.com
**ATTORNEYS FOR PLAINTIFFS**

12

Case 2:17-cv-04029-MJW   Document 1   Filed 02/17/17   Page 12 of 12